CUEVAS v. FREYRE.

## APPEAL from the District Court of Mayagüez.

No. 613.—Decided June 14, 1911.

NULLITY OF PURCHASE AT PUBLIC AUCTION—CONSPIRACY—MORTGAGE—SALE FOR PAYMENT OF TAXES.—The evidence showed that plaintiff acquired the property in litigation for $17.36; that the property was assessed by the Treasury Department at $1,037; that a portion thereof was mortgaged to secure the sum of $938.80 plus $400 for costs in case of foreclosure; that the plaintiff and purchaser is the daughter of the owner of the land; that the purchase was made because the owner failed to pay the taxes for 1907–08, and that, should the purchase be valid and the requirements of law complied with, the result would be to destroy the mortgage security given by the owner of the property, the mother of the plaintiff. *Held:* That there were sufficient grounds for the conclusion, that so far as the portion mortgaged in favor of the defendant is concerned, the purchase was void because it was the result of a conspiracy to prejudice the rights of the defendant.

The facts are stated in the opinion.

*Mr. José Benet* for appellant.

The respondent appeared in his own behalf.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This is an action for the nullity of a mortgage and for other purposes. The plaintiff, Julia Cuevas de Vélez, filed a sworn complaint in the District Court of Mayagüez against José Ramón Freyre, substantially alleging:

1. That Jovita Rivera de Cuevas was the owner of a farm composed of several small parcels adjoining each other, which is described as follows:

"Rural property on which houses stand, and which consists of 48 *cuerdas* of coffee, pasture, and undergrowth. It is situated in *barrio* Anones within the municipal district of Las Marías; bounded on the north by lands of José Díaz; on the south by lands of Isaac F. Martínez; on the east by lands of Tomás Boothby; and on the west by the Casey River."

2. That one of said parcels, composed of 12 *cuerdas,* is described as follows:

"Beginning on the east at a *roble* tree adjoining lands of Jovita Rivera and of the widow of Julián Montalvo; thence southerly in a

straight line to a *guamá* tree on the margin of the Casey River adjoining the property of Jovita Rivera; thence down stream to a *jobo* tree standing on the bank of that river, which tree is one of the boundary marks of the property of Luis Martel; thence in a straight line to a rock which stands beside a bush of *emajaguas,* and adjoins lands of Manuel Montalvo and of José Vélez Segundo; and thence to the starting point.''

Said parcel was recorded in the registry of property in the name of Jovita Rivera, and the owner thereof created a voluntary mortgage thereon in favor of Ciprián Rivera y Martínez as security for the sum of $938.80, and $400 for costs in case of foreclosure.

3. That from the time the mortgage was created to the filing of the complaint the said portion of 12 *cuerdas* was, as it still is, a part of the property of 48 *cuerdas,* which fact was known to the mortgagee.

4. That upon the failure of Jovita Rivera to pay the taxes on the property of 48 *cuerdas* the same was sold at public auction and was purchased on July 14, 1908, by the plaintiff, Julia Cuevas, in whose favor the proper certificate of sale was issued by the collector of internal revenue.

5. That notice of the sale was served on the mortgagee, who allowed the term of 180 days to expire without redeeming the property and which was not redeemed by any other person.

6. That plaintiff presented the certificate of sale to the registry for admission to record, but the same could not be entered for the reason that 36 *cuerdas* of the property had not been recorded previously, and because the 12 *cuerdas* recorded were entered under very old boundary lines which differ from the general boundaries of the property of 48 *cuerdas.* A cautionary notice was entered covering the whole property.

7. That the defendant, Freyre, obtained a judgment in the Municipal Court of Mayagüez against the Succession of Ciprián Rivera Martínez, and in the execution of said judg-

ment the mortgage made by Jovita Rivera to said Rivera Martínez was awarded to Freyre. The marshal, on behalf of the Succession of Rivera, executed the deed of sale in favor of Freyre on October 8, 1909, and the same was recorded in the registry of property.

8. That Freyre instituted proceedings in the District Court of Mayagüez to forec'ose said mortgage, but did not make the plaintiff a party thereto.

The plaintiff concludes by praying the court to decree that Ciprián Rivera lost all rights, title, and interest in the mortgage credit in question; that the defendant, Freyre, acquired a worthless and void mortgage; that the record of the mortgage be canceled; that dominion of the 12 *cuerdas* be recorded in favor of plaintiff; and that in case of opposition costs be taxed against the defendant.

The defendant answered under oath, specifically denying the allegations of the complaint, and at the same time al leging in substance that he instituted proceedings against the succession of Ciprián Rivera to recover a sum of money, and that he obtained judgment in his favor; that he attached the mortgage credit held by Ciprián Rivera against the above-described property of Jovita Rivera; that said credit was awarded to him in the execution of said judgment by deed of October 8, 1909, and that the same was recorded in the registry of property; that he foreclosed said mortgage through the summary proceedings provided in the Mortgage Law, and that a deed was executed on February 11, 1910, and recorded in the registry; that when he attached said mortgage credit, when the same was awarded to him, and when the mortgaged property was sold to him, this was recorded in the registry in favor of the debtor, Jovita Rivera; that the plaintiff, Julia Cuevas, and her mother, Jovita Rivera, conspired to destroy the rights of the mortgagee, the purchase made by Julia Cuevas being the result of such conspiracy; that even had said purchase been legal, the defendant is a third party who acquired in good faith from the party

who appeared in the registry to have title; and that the defendant has suffered damages because, on account of the suit brought against him, he has been unable to sell the property of 12 *cuerdas*, of which he is the lawful owner.

After the evidence was taken, the District Court of Mayagüez rendered judgment declaring that the law and the facts were in favor of the defendant except as to the claim for damages, and consequently dismissed the complaint. From this judgment the plaintiff took the present appeal.

A careful review of the allegations and of the evidence shows that the plaintiff, Julia Cuevas, acquired the property in litigation, which was assessed for purposes of taxation at $1,037, for $17.36; that a portion of said property was mortgaged to Ciprián Rivera to secure the sum of $938.80, and $400 more for costs in case of foreclosure; that the plaintiff and purchaser of the property is a daughter of the owner of the same; that the purchase was made because the owner of the property failed to pay the taxes for the fiscal year 1907–08; and that, should the sale be valid and the other requisites of law complied with, the result would be to destroy the mortgage security for the debt of Jovita Rivera.

These facts having been proven, it is evident that there is sufficient ground for the conclusion that the purchase by plaintiff of the property in question is void as to the 12 *cuerdas* mortgaged to the defendant, for the reason that such sale was the result of a conspiracy to prejudice the rights of the mortgagee.

This being the case, and the judgment rendered being thereby upheld, we find it unnecessary to review the other allegations made by the defendant and respondent in support of his rights.

The appeal cannot be sustained and the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.